IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NAAMJP, *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 14-3678 |
| v. | : | |
| | : | |
| JEROME V. SIMANDLE, Chief Judge, | : | |
| United States District Court for the District | : | |
| Of New Jersey, *et al.*, | : | |
| Defendants. | : | |

MCHUGH, J.                                                    SEPTEMBER 1, 2015

MEMORANDUM

I.     Introduction

The National Association for the Advancement of Multijurisdiction Practice (NAAMJP) continues its campaign for lawyers who are admitted to practice law in certain courts but cannot gain admission to other courts without taking an additional bar exam.  I am not aware of any complete accounting of NAAMJP's extensive litigation through the years, but the organization has fought its campaign in courts across the United States.  The Defendants counted fourteen NAAMJP lawsuits challenging attorney admission rules.  Even this Judge has had the responsibility to preside over one such case.  *NAAMJP v. Castille*, 66 F.Supp. 3d 633 (E.D. Pa. Dec. 11, 2014), *aff'd*, 2015 WL 5024222 (3d Cir. Aug. 26, 2015).  To my knowledge, in none of these cases has NAAMJP been successful.  I mention this history only to put this case in context, and not in criticism of NAAMJP for pursuing its cause.

In the present action, NAAMJP and several of its members have filed a challenge against the judges of the Federal District Court for the District of New Jersey.  Plaintiffs allege that the

New Jersey District Court's rule governing the admission of lawyers to the court's bar violates federal statutory and constitutional rules.

The rules governing attorney admissions are quickly evolving, and they are subject to a great deal of public debate.  I recognize the importance of admissions rules to many attorneys.  Nonetheless, for the reasons discussed below, I deny the legal relief that Plaintiffs seek.

II.    Factual and Procedural Background

NAAMJP is an organization "engaged in interstate commerce and advocacy throughout the United States for the purpose of improving the legal profession, by petitioning for admission on motion in the dwindling minority of jurisdictions that have not yet adopted the AVA's recommendations for reciprocal admission for all lawyers."  Complaint at ¶ 6.  The NAAMJP claims it has members who are prevented from joining the bar of the District of New Jersey by the rule Plaintiffs challenge.  The individual Plaintiffs, Robert Vereb, and Benjamin Josef Doscher, are two members of NAAMJP.  Vereb is a lawyer admitted to practice in New York State and federal courts in New York.  Dosher is also a lawyer admitted in New York State.  He is admitted to the bars of several federal courts including the United States Supreme Court and the Court of Appeals for the Federal Circuit.  Both state that they "will apply for admission to the U.S. District Court for the District of New Jersey bar if its admission rule is changed."  Complaint at ¶¶ 7, 8.

The Defendants are judges of the District Court of New Jersey and former Attorney General Eric Holder.  According to Plaintiffs, these judges voted to approve the rule that Plaintiffs challenge.  The former Attorney General was named as a defendant because of the federal government's role in enforcing the federal statutes that allegedly conflict with the New Jersey District Court's bar admission rule.

Plaintiffs have focused their advocacy on provisions of Local Civil Rule 101.1. Plaintiffs' primary target is parts (b) and (c), which together provide that attorneys licensed to practice by the Supreme Court of New Jersey may be admitted to practice in the District Court on motion, but attorneys not licensed in New Jersey must apply for *pro hac vice* admission for each case in which they participate in the District Court.  Plaintiffs also challenge parts (e), (f), and (j) which permit attorneys to appear in court who practice patent law, represent the United States, or represent criminal defendants, respectively.

Plaintiffs' Complaint alleges these rules violate federal statutory and constitutional law. In Count I, Plaintiffs allege Local Rule 101.1 violates the Rules Enabling Act, 28 U.S.C. §§ 2071–72 by impermissibly affecting substantive rights of lawyers and litigants.  Count II alleges the rule violates the Supremacy Clause of the Constitution.  Count III asserts Local Rule 101.1 infringes the First Amendment rights to freedom of speech, association, and petition.  Finally, in Count IV, Plaintiffs claim Local Rule 101.1 violates the Fifth Amendment of the Constitution by denying lawyers equal protection of the laws.

Defendants filed a Motion to Dismiss the Complaint in its entirety.  Defendants attack Plaintiffs' standing to bring their claims as well as the substantive merits of each claim. Plaintiffs opposed the Defendants' Motion, and Plaintiffs also filed their own motion for Summary Judgment, which Defendants have opposed in turn.  I will grant Defendants' Motion to Dismiss, and I will therefore dismiss the Complaint along with Plaintiffs' mooted motion for Summary Judgment.

III.    Discussion

    a.  Lack of Standing

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants challenge the standing of the individual Plaintiffs as well as the NAAMJP to bring their claims.  According to Defendants, Plaintiffs fail to allege they have suffered injury because of the New Jersey District Court's rule, and consequently this Court lacks jurisdiction over Plaintiffs' claims.  I conclude that Plaintiffs have sufficiently alleged standing.

Federal courts lack the power to consider a claim if the plaintiff lacks standing to bring it. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Standing has three requirements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not … th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Lujan*, 504 U.S. at 560–61).

When considering a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1), if the movant challenges the facial sufficiency of the complaint, the court should accept the plaintiffs' allegations in support of standing as true and then decide whether the plaintiff has alleged facts that support jurisdiction.  *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (when deciding a Rule 12(b)(1) motion, "[i]f a defendant does not

challenge the facts alleged in the plaintiff's pleadings, a court may rule on the motion by accepting these allegations as true.").

        i.  Standing of Individual Plaintiffs

Defendants argue individual Plaintiffs Vereb and Doscher lack standing for several reasons.  First, Defendants point out that Vereb and Doscher do not explicitly state they are not members of the New Jersey bar.  Since Vereb and Doscher might be members of the New Jersey bar, they might be eligible to apply for membership in the bar of the New Jersey District Court.  If they are eligible to apply to the District Court's bar, they are not injured by Local Civil Rule 101.1, and they have no standing to challenge it.

I am not persuaded by this argument.  When deciding a motion to dismiss, a court must "draw all reasonable inferences in the plaintiff's favor."  *West Penn Allegheny Health System, Inc. v. UPMC*, 627 F.3d 85, 91 (3d Cir. 2010).  It is clear that based on the text of the Complaint, it is more than reasonable to infer that the individual plaintiffs are not members of the New Jersey bar.  If this case were to proceed, Defendants would have the opportunity to conduct discovery and raise a factual challenge to Plaintiffs' standing if they uncovered evidence that Plaintiffs are in fact members of the New Jersey bar.

Second, Defendants argue that Plaintiffs lack standing because even if Plaintiffs are ineligible to join the District Court's bar, they do not claim they have applied to join the bar and have been denied.  Plaintiffs have therefore not yet actually suffered any injury.  Defendants rely on cases that include *NAAMJP v. Gonzales*, 211 Fed. App'x. 91, 95 (3d Cir. 2006).  In *Gonzales*, the Third Circuit found individual plaintiffs lacked standing to challenge bar admissions rules because they failed to show they "personally … suffered some actual or threatened injury."  *Id.* The plaintiffs in that case, the court explained, "made no showing that they were denied the

ability to practice in any of those states [whose rules the NAAMJP challenged]."  The court also noted the plaintiffs did not claim "that they would seek to practice [in states with challenged rules] but-for the local court rules."  *Id.*  Here Plaintiffs have alleged facts missing in *Gonzales*. Both Plaintiffs claim they will apply for admission if the rules change, and there is no doubt their applications would be denied.  In *Sammon v. New Jersey Bd. of Medical Examiners*, the Third Circuit found aspiring midwives had standing to challenge a rule even though they had not applied and been rejected because "there is no indication that the aspiring midwives possibly could obtain a license" under the challenged rule.  66 F.3d 639, 642 (3d Cir. 1995) ("the aspiring midwives allege both a present desire to become midwives and that the New Jersey statutory scheme … is the only thing that prevents them from reaching that goal.").

I am not persuaded by Defendants' arguments against standing.  Applying each of the three requirements of standing, I find that Plaintiffs Vereb and Doscher have alleged they have standing to pursue their claims, with one limitation.  Plaintiffs have standing against the judicial defendants, but they do not have standing against former Attorney General Eric Holder.

First, Plaintiffs' injuries are sufficiently concrete.  As discussed above, Plaintiffs' ineligibility for admission to the District Court's bar is a concrete injury that is not "conjectural or hypothetical."  *Lujan*, 504 U.S. at 560.  Second, the causal connection between the injury and the alleged actions of the judicial defendants is clear—defendants adopted Local Civil Rule 101.1.  In contrast, the causal connection to the Attorney General is missing.[1]  Plaintiffs' claims do not allege that federal law, which the Attorney General enforces, violates Plaintiffs' rights. Rather they allege that Local Civil Rule 101.1 conflicts with federal law.  Therefore, Plaintiffs' injury under the weight of Rule 101.1 is not "fairly traceable" to any action of the Attorney

---

[1] Defendants do not raise the issue of Plaintiffs' standing with respect to the Attorney General, but "federal courts are under an obligation to examine their own jurisdiction."  *United States v. Hays*, 515 U.S. 737, 742 (1995).  I must independently evaluate each aspect of Plaintiffs' standing.

General.  *See Duquesne Light Co. v. United States Environmental Protection Agency*, 166 F.3d

609, 613 (3d Cir. 1999) (finding plaintiff's injury was not fairly traceable to the EPA action

plaintiff challenged).  Finally, assuming the truth of Plaintiffs' statements that they will apply for

admission if the rule is changed, a change to the rule that permits them to successfully apply will

redress their injury.

ii.  NAAMJP's Standing[2]

Plaintiffs claim NAAMJP has standing under two theories.  First, they claim that

NAAMJP has associational standing to bring claims on its members' behalf.  Plaintiffs'

Opposition to Motion to Dismiss 19 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 494

(2009)).  Complaint at ¶ 6.  Second, NAAMJP asserts third party standing to sue on behalf of

members who wish to remain anonymous.  *Id.*

An association can bring suit on its own behalf and as a representative of its members.

*Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 279 (3d Cir. 2014).  An association may sue

as a representative of its members when:

> (1) the organization's members must have standing to sue on their own; (2) the
> interests the organization seeks to protect are germane to its purpose, and (3)
> neither the claim asserted nor the relief requested requires individual participation
> by its members.

*Blunt*, 767 F.3d at 279.  Here I have concluded that the individual Plaintiffs have standing.

Those individuals also aver they are members of NAAMJP.  Accordingly, the first requirement is

satisfied for NAAMJP's representational standing.  The second element is satisfied because

NAAMJP exists to challenge rules like Rule 101.1.  Third, the injunctive relief Plaintiffs request

---

[2] Having found that the individuals have standing, I need not consider whether NAAMJP also has standing. *Shumacher v. Nix*, 965 F.2d 1262, 1264 n.1 (1992) ("Because Schumacher has standing to maintain this action, and Schumacher and Hodge present identical challenges to Rule 203(a)(2)(ii), we need not consider whether Hodge would have standing to bring this action individually. See *Bowsher v. Synar*, 478 U.S. 714, 721, 106 S.Ct. 3181, 3185, 92 L.Ed.2d 583 (1986).").  However, in the interests of completeness, I will consider NAAMJP's standing as well.

does not require individual participation by NAAMJP's members.  This case differs from, for example, *Blunt*, in which individual plaintiffs and purported members of an association sought monetary relief.  767 F.3d at 290.  Here, the individual Plaintiffs and NAAMJP seek exactly the same relief—an injunction against Rule 101.1.  *See Pennsylvania Psychiatric Soc. v. Green Spring Health Servs. Inc.*, 280 F.3d 278, 284 (3d Cir. 2002) ("Because claims for monetary relief usually require individual participation, courts have held associations cannot generally raise these claims on behalf of their members.").

Having found that Plaintiffs do have standing to bring their claims against the judges of the District Court of New Jersey, I now turn to Defendants' arguments for dismissing each of Plaintiffs' substantive claims.  Because these issues are before me on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),  I "must accept all of the complaint's well-pleaded facts as true," and "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' "  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

b.   Rules Enabling Act

Plaintiffs' first substantive claim alleges Local Rule 101.1 violates the Rules Enabling Act, 28 U.S.C. §§ 2071–72.  The Rules Enabling Act permits district courts to "adopt local rules that are necessary to carry out the conduct of [their] business."  *Frazier v. Heebe*, 482 U.S. 641, 645 (1987).  Courts' discretion to craft local rules is not unlimited.  28 U.S.C. § 2071 requires that local rules "shall be consistent with Acts of Congress and rules of practice and procedure prescribed under [28 U.S.C. § 2072]."  28 U.S.C. § 2071(a).  Section 2072 authorizes the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence for

cases in the United States district courts," and the section requires that "such rules shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(a)–(b).

Plaintiffs contend that Local Rule 101.1 violates the Rules Enabling Act because it modifies substantive rights.  They argue the Rule modifies lawyers' rights to practice law by making it more difficult for lawyers not licensed to practice in New Jersey to practice in New Jersey District Court.  Plaintiffs also argue the Rule modifies non-lawyers' right to counsel by preventing clients with cases in New Jersey District Court from relying on lawyers who are neither licensed in New Jersey nor willing to seek *pro hac vice* admission.

I find Plaintiffs' allegations of a violation are without merit.  Defendants correctly point out that Plaintiffs are misinterpreting the Rules Enabling Act.  Section 2072's prohibition of rules that "abridge, enlarge or modify any substantive right" in paragraph (b), clearly refers to those rules paragraph (a) authorizes the Supreme Court to create.  District court rules promulgated under Section 2071 must be "consistent with Acts of Congress" and the rules the Supreme Court creates pursuant to Section 2072, but the prohibition in Section 2072, paragraph (b) simply does not apply to the local rules district courts are authorized to make under Section 2071.

District courts' discretion to draft local rules certainly has limits.  In *Frazier v. Heebe*, the Supreme Court exercised its supervisory authority over district court local rules to end a local rule in the Eastern District of Louisiana.  482 U.S.at 646.  The rule had a geographical focus, limiting general bar admission to attorneys who lived in or maintained an office in Louisiana. The Court held the rule "arbitrarily discriminate[d] against out-of-state attorneys who have passed the Louisiana bar examination and are willing to pay the necessary fees and dues in order to be admitted to the Eastern District Bar."  *Id.*

In *Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania*, the Third Circuit held that a local rule relating to prosecutors and grand jury subpoenas was "invalid because its adoption as federal law falls outside the local rule-making authority of the federal district courts." 975 F.2d 102, 106 (3d Cir. 1992). The court explained that while the Rules Enabling Act permits district courts to adopt local rules, such rules must be "consistent with the rules of practice and procedure promulgated by the Supreme Court under section 2702." *Id.* at 107. The Federal Rules of Criminal Procedure are among the rules promulgated by the Supreme Court under section 2702. *Id.* Because the Third Circuit found the local rule conflicted with Federal Rule of Criminal Procedure 57, it fell outside the district courts' discretion. *Id.*

Multiple factors distinguish *Frazier* and *Baylson* from this case. Unlike the Supreme Court in *Frazier*, I do not have supervisory authority over the New Jersey District Court's Local Rules. Additionally, the *Frazier* Court noted that bar examination requirements, like those in force in the District of New Jersey, would be a more effective means of ensuring lawyers' competence to practice. 482 U.S. at 648. *Frazier* did not strip courts of their power to regulate admission to their bars; it only required the adoption of criteria less arbitrary than the physical location of lawyers' residences and offices. Unlike in *Baylson*, Plaintiffs here do not allege Rule 101.1 conflicts with rules established by the Supreme Court under 28 U.S.C. § 2072.

Plaintiffs seem to argue that Rule 101.1 is inconsistent with Acts of Congress because "Congress has also enacted thousands of laws that provide equal treatment for all citizens, including attorneys, and attorney fees" and because "Congress does not enact local laws." Plaintiffs' Memorandum of Points & Authorities Opposing Dismissal at 27. Plaintiffs suggest Congress's purpose with enacting Sections 2071–72 was "to promote uniform equal treatment in the Federal District Courts." *Id.* at 28. However there is nothing in the text of Sections 2071–72

that supports Plaintiffs' reading.  Plaintiffs have not identified any specific Acts of Congress that conflict with Local Rule 101.1, and arguing that Local Rule 101.1 is inconsistent with Acts of Congress because it simply is not the kind of thing Congress does is not sufficient to state Plaintiffs' claim.

To summarize, even if the Rules Enabling Act permits Plaintiffs to challenge local district court rules, Plaintiffs have not plausibly alleged Local Rule 101.1 is an impermissible exercise of district courts' rule-making discretion.

c.   Supremacy Clause

Plaintiffs claim Local Rule 101.1 violates the Supremacy Clause because it permits New Jersey state law to control the rules of the Federal Courts.  According to Plaintiffs, because Local Rule 101.1 ties general bar admission in federal court to a lawyer's state court admission, it "give[s] the State's licensing board a virtual power of review over the federal determination that a person or agency is qualified and entitled to perform certain functions."  Plaintiffs' Motion for Summary Judgment at 29.

In support of this argument, Plaintiffs rely on *Sperry v. State of Fla. ex rel. Florida Bar.* 373 U.S. 379, 385 (1963).  There, the Supreme Court overturned a Florida court's injunction barring a patent agent from continuing his patent practice.  The Florida Supreme Court had decided that prosecuting patent applications constituted the practice of law.  The patent agent was not a licensed member of the state's legal bar, and therefore the Florida court enjoined the patent agent from providing his patent services.  The Supreme Court ultimately concluded that federal patent law, which permits anyone who complies with certain requirements from the Patent Office to prosecute patent applications, preempted Florida's state law against the unauthorized practice of law.  *Id.* at 404 ("the order enjoining petitioner must be vacated since it

prohibits him from performing tasks which are incident to the preparation and prosecution of patent applications before the Patent Office.").  Plaintiffs contend that just as Florida violated the Supremacy Clause when it attempted to regulate federal patent practice in *Sperry*, New Jersey is impermissibly regulating the federal district court's bar.

Plaintiffs' reasoning on this point mischaracterizes the effect of Rule 101.1.  Through this rule, New Jersey's District Court has decided to adopt state rules; the State of New Jersey is not imposing any rules on the District of New Jersey.  The District Court is free to change these rules at any time, subject to the procedural and substantive limitations of the Rules Enabling Act.  If the State of New Jersey were to adopt a rule that conflicted with, for example, a Federal Rule of Criminal Procedure, the District Court could modify its own rules to depart from the state rule.  Such an eventuality would mirror the situation in *Baylson*.  There, after Pennsylvania's Supreme Court adopted a rule that conflicted with a Federal Rule of Criminal Procedure, "all three federal district courts in Pennsylvania purported to revise their local rules to state that Rule 3.10 had no application in their respective jurisdictions."  *Baylson*, 975 F.2d at 105.[3]

Plaintiffs' reliance upon *Augustine v. Dept. of Veterans Affairs* is equally unpersuasive. 429 F.3d 1334 (Fed. Cir. 2005).  In *Augustine*, the Federal Circuit ruled that federal law did not require attorneys practicing before a federal administrative agency to be licensed to practice law in the state where the administrative proceeding took place.  *Id.* at 1336.  The court explained that while "federal law may adopt or incorporate state law standards as its own. … it is to be assumed when Congress enacts a statute that it does not intend to make its application dependent on state law."  *Id.* at 1340 (citing *NLRB v. Natural Gas Utility Dist. of Hawkins County, Tenn.*, 402 U.S. 600, 603 (1971).  Here, it is true that Congress did not explicitly direct district courts to

---

[3] Admittedly, the district courts did not follow the procedures required in 28 U.S.C. § 2071, and litigation became necessary to clarify the enforceability of the state's new rule in federal court.

condition bar membership on membership in the local state's bar.  But Congress explicitly authorized courts to develop their own local rules.  28 U.S.C. § 2071.  The New Jersey District Court did so, and it chose to adopt a rule that explicitly conditions membership in the court's bar on membership in New Jersey's state bar.  This is markedly different from the *per se* rule criticized and rejected by the Federal Circuit in *Augustine*.

Plaintiffs have failed to allege facts showing Local Rule 101.1 violates the Supremacy Clause, and therefore this claim shall be dismissed.

### d.   First Amendment

Plaintiffs challenge New Jersey's Rule 101.1 with several theories based on the First Amendment.   Plaintiffs claim the rule is unconstitutionally overbroad, discriminates based on the content and viewpoint of speech, is an illegal prior restraint on expression, violates the freedom of association, and infringes the right to petition government for redress of grievances. I find that each of these arguments fails to support Plaintiffs' challenge to Local Rule 101.1.

#### i.   Overbreadth

Plaintiffs have failed to sufficiently allege facts showing Local Rule 101.1 parts (b) and (e) are unconstitutionally overbroad.  Plaintiffs contend Rule 101.1 parts (b) and (e) are overbroad because they prevent lawyers admitted in states other than New Jersey from joining the New Jersey District Court's bar.  Being denied permission to join the District Court's bar without first needing to join New Jersey's state bar prevents these lawyers, Plaintiffs assert, from engaging in a substantial amount of protected expression.

"[A] law may be invalidated as overbroad only if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.' "  *Free Speech Coalition, Inc. v. Attorney General of the United States*, 677 F.3d 519, 537 (3d Cir. 2012).  The

Third Circuit has articulated four factors for courts to consider when evaluating overbreadth challenges to statutes:

> (1) "the number of valid applications" of the statute; (2) "the historic or likely frequency of conceivably impermissible applications"; (3) "the nature of the activity or conduct sought to be regulated"; and (4) "the nature of the state interest underlying the regulation."

*Id.* at 537–38 (citing *Gibson v. Mayor and Council of the City of Wilmington*, 355 F.3d 215, 226 (3d Cir. 2004)).

Plaintiffs have not asserted a claim that can satisfy this test.  The First Amendment does not protect a person's right to be admitted to a particular court's bar just because the person is admitted to some other court's bar.  *See Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 459  ("A lawyer's procurement of remunerative employment is a subject only marginally affected with First Amendment concerns.  It falls within the State's proper sphere of economic and professional regulation.").  Regulations that restrict what a lawyer, or any other licensed professional, may or may not say are subject to constitutional scrutiny.  *See King v. Governor of the State of New Jersey*, 767 F.3d 216, 224–25 (3d Cir. 2014).  But courts have long recognized states may require professionals, including lawyers, to meet local licensing requirements, even though requiring a person to get a license to practice a profession inevitably impacts speech she may engage in.  *Leis v. Flynt*, 439 U.S. 438, 442 (1979) ("Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions."); *Paciulan v. George,* 229 F.3d 1226, 1230 (9th Cir. 2000) ("states traditionally have enjoyed the sole discretion to determine qualifications for bar membership."); *National Ass'n for the Advancement of Psychoanalysis v. California Bd. of Psychology*, 228 F.3d 1043, 1053–55 (9th Cir. 2000) (upholding state psychoanalysis regulations against First Amendment challenge, even though psychoanalysis is practiced through speech).

Accordingly, Plaintiffs have not shown that it is invalid for the New Jersey District Court to apply Rule 101.1 to require state court bar admission or to permit patent attorneys to practice patent law without state court bar admission.  Because Plaintiffs have not alleged there are a substantial number of unconstitutional applications of Local Rule 101.1, this claim must be dismissed.

ii.   Content and Viewpoint Discrimination

I also find Plaintiffs have not sufficiently alleged Local Rule parts 101.1(b) and (e) unconstitutionally discriminate on the basis of the content or viewpoint of attorneys' speech. Plaintiffs aver that the rule permits speech by attorneys licensed in New Jersey or who practice patent law and limits speech of attorneys not licensed in New Jersey or who do not practice patent law.  Plaintiffs, citing to *Citizens United v. Federal Elections Commission*, argue this constitutes unlawful content and speaker discrimination, and therefore must be subject to strict scrutiny.  Plaintiffs' Memorandum of Points & Authorities Opposing Dismissal at 35; *Citizens United*, 558 U.S. 310, 340 (2010) ("Quite apart from the purpose or effect of regulating content, moreover, the Government may commit a constitutional wrong when by law it identifies certain preferred speakers.").

The Third Circuit recently held that a similar bar admission rule, Pennsylvania's Rule 204 governing reciprocal admissions of out-of-state attorneys, was not a restriction on professional speech at all.  *Nat'l Ass'n for the Advancement of Multijurisdictional Practice v. Castille*, No. 15-1481, 2015 WL 5024222 at *4 (3d Cir. Aug. 26, 2015) ("Rule 204 is not a prohibition or other restriction on professional speech, but rather, a content-neutral licensing requirement for the practice of law…").  The rule, the court explained, was subject only to

scrutiny that inquired whether "it had a rational connection with the applicant's fitness or capacity to practice the profession." *Id.*

Local Rule 101.1 does not discriminate on the basis of the viewpoint or content of speech or the identity of the speaker in a manner that triggers strict scrutiny. Parts (b) and (e) make no reference to the content of attorneys' speech. Nor do the rules constitute speaker discrimination that must receive strict scrutiny. *Id.* at *5 ("Speaker-partial laws trigger heightened scrutiny only 'when they reflect the Government's preference for the substance of what the favored speakers have to say (or aversion to what the disfavored speakers have to say).' ") (*citing Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 658 (1994)); *Time Warner Cable Inc. v. F.C.C.*, 729 F.3d 137, 159 (2d Cir. 2013) (finding sections of the Cable Act were not invalid although they distinguished among speakers because the distinctions were not "based on the content of programming each group offers.").[4] *See also NAAMJP v. Gonzales*, 211 Fed. App'x at 95 ("We find that the challenged local rules clearly do not violate the First Amendment"); *NAAMJP v. Berch*, 773 F.3d 1037, 1047 (9th Cir. 2014), *petition for cert. filed*, (U.S. March 24, 2015) (No. 14-1165) ("We consider bar admission restrictions to be time, place, and manner restrictions on speech.").

Local Rule 101.1 parts (b) and (e) are reasonable regulations of attorney admissions to the federal court's bar. The rules serve the court's significant interest in regulating the membership of its bar. They are narrowly tailored regulations that restrict only general admission to the court's bar, leaving lawyers not admitted in New Jersey free to seek admission to the court through the *pro hac vice* process or through admission to the state bar. They are also

---

[4] The Second Circuit rejected the argument that *Citizens United* overturned *Turner Broad. Sys., Inc.* and categorically requires strict scrutiny for all distinctions among speakers in any context. The Second Circuit explained that *Citizens United* "reached [its] conclusion in the particular context of political speech." *Time Warner Cable*, 729 F.3d at 159–60.

free to speak in court as litigants.  Rule 101.1 does not "regulate when, where, or how attorneys speak, nor does it prohibit a category of professional speech like the state at issue in *King*." *Castille*, 2015 WL 5024222 at *4.  Rule 101.1 here, like the rule at issue in *Castille*, plainly has such a rational basis.

  For these reasons, Plaintiffs' claim that Rule 101.1 parts (b) and (e) are content or viewpoint restrictions that violate the First Amendment must be dismissed.

iii. Prior Restraint

  Plaintiffs have not shown Rule 101.1 is a prior restraint.  As Plaintiffs recognize, a law or regulation may be an unconstitutional prior restraint when the rule places "unbridled discretion in the hands of a government official or agency" to grant or withhold permission to engage in expression.  *City of Lakewood v. Plain Dealer Pub. Co.,* 486 U.S. 750, 755 (1988) (finding an ordinance allowing the mayor to grant or withhold permission to place news-racks was an unconstitutional prior restraint); Complaint at ¶ 60.  Such discretion to permit or restrict speech may invite the licensor to censor speech, and the possibility of censorship can even "intimidate[] parties into censoring their own speech, even if the discretion and power are never actually abused."  *Id.* at 757.  Plaintiffs claim Rule 101.1 "is analogous to requiring blacks to take a literacy test in order to vote," and that "[i]t is equivalent in this 21st Century to the licensing of printing presses in the 16th and 17th Centuries."  Complaint at ¶ 60.  Hyperbole aside, Plaintiffs' claims do not offer any basis for finding Local Rule 101.1 gives "unbridled discretion" to the District Court of New Jersey.  The rule sets out clear conditions for admission to the federal court's bar.  Plaintiffs have not shown anything in the rule to suggest it permits the court to censor speech or leads speakers to censor themselves.  *See also Castille*, 2015 WL 5024222 at *6 (holding Pennsylvania's Rule 204 was not a prior restraint on speech).

iv.   Compelled Association

Plaintiffs claim Local Rule 101.1 violates the First Amendment's protections for the freedom of association because it "imposes penalties and withholds privileges based solely on Plaintiffs' licensing in disfavored states."  Memorandum of Points and Authorities Opposing Dismissal at 42.

The First Amendment prohibits regulations that impose penalties or withhold benefits from individuals because of their membership in a disfavored group.  *Roberts v. United States Jaycees*, 468 U.S. 609, 622 (1984).  For example, in *Healy v. James*, the Supreme Court overturned lower courts' decisions ratifying a college president's denial of official recognition for a student group.  408 U.S. 169, 179–80 (1972).   The Court wrote, "There can be no doubt that denial of official recognition, without justification, to college organizations burdens or abridges that [First Amendment] associational right."  *Id.* at 181.

Plaintiffs have not shown that Local Rule 101.1 impermissibly imposes penalties or withholds benefits because of lawyers' associations.  Plaintiffs' argument seems to be that Rule 101.1 withholds the benefit of general admission to the bar from lawyers who have failed to "associate" with the state bar of New Jersey (or whose practice areas do not fall into other exceptions in Rule 101.1).  However, Plaintiffs have alleged no facts showing Rule 101.1, in not permitting lawyers licensed elsewhere than New Jersey to join the federal bar, is treating lawyers as a disfavored group.  The rule simply puts non-New Jersey lawyers in the same position as non-lawyers.  All must join the New Jersey bar to gain general admission to the federal court's bar.  Accordingly, this claim shall be dismissed.

v.   Right to Petition

Plaintiffs' final First Amendment claim alleges Rule 101.1 infringes the right to petition government.  This claim fails simply because Plaintiffs have not shown any support for the argument that the right to petition protects an attorney's right to litigate on behalf of a client in a particular court.  The right to petition "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011).  In other words, the right to petition protects the right to litigate.  But Plaintiffs have not shown any support for their position that it protects the right to appear in court as someone else's lawyer without complying with that court's attorney admissions rules.  Plaintiffs' arguments relating to sham petitions are irrelevant as Rule 101.1 does not enjoin any plaintiffs from filing lawsuits; it only prescribes rules for attorneys appearing in the New Jersey District Court.  *See Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993) (discussing sham litigation in the antitrust context).   Accordingly this claim too shall be dismissed.

> e.  Fifth Amendment Due Process

The last count of the Complaint asserts Local Rule 101.1 violates equal protection under the Fifth Amendment.  Plaintiffs argue that Local Rule 101.1 treats attorneys differently based on whether they are admitted to the state bar of New Jersey.  Plaintiffs contend there is no rational basis for this discriminatory treatment.

The Fifth Amendment prohibits the federal government from unfairly discriminating among groups of individuals.  In evaluating Fifth Amendment equal protection claims, courts apply standards developed in the context of the Fourteenth Amendment's Equal Protection Clause.  "Although the fifth amendment contains no equal protection clause, the Due Process Clause forbids discrimination in a similar manner as the fourteenth amendment." *Matter of*

*Roberts*, 682 F.2d 105, 108 (3d Cir. 1982) (capitalization as in original).  Accordingly, under the Fifth Amendment as under the Fourteenth Amendment, if a law makes distinctions between groups of individuals but "neither burdens a fundamental right nor targets a suspect class, [courts] will uphold it so long as it bears a rational relation to some legitimate end."  *Connelly v. Steel Valley School Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (internal citations omitted).  If a law either burdens a fundamental right or targets a suspect class, it must satisfy a much stricter standard.  Such a law "must be narrowly tailored to further a compelling government interest." *Id.*

Rational basis analysis plainly applies to Rule 101.1.  The Third Circuit held rational basis applied to a nearly identical rule in *Roberts*.  682 F.2d at 108.  ("In the context of the attorney admission qualifications in this case, since no impairment of a fundamental right or classification based on a suspect criterion is involved, any requirement for admission will be upheld that is rationally related to the applicant's fitness to practice law in the court where he seeks admission.").  Plaintiffs appear to argue that the practice of law is a fundamental right by making references to decisions that post-date *Roberts*.  I find their argument misapplies these authorities.

In *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985), the Supreme Court recognized that the practice of law is a "fundamental right" for the purposes of the Privileges and Immunities Clause of Article IV, Section 2.  The Court struck down New Hampshire's rule limiting bar admission to state residents because the State lacked a "substantial reason" for treating resident and nonresident bar applicants differently.  *Id.* at 287.  Similarly, in *Supreme Court of Virginia v. Friedman*, the Supreme Court struck down a Virginia rule that limited bar admission on motion to residents of Virginia.  487 U.S. 59, 61 (1988).  The Court explained that

since *Piper*, lawyers possess "an interest in practicing law that is protected by the Privileges and Immunities Clause." *Id.* at 65.  The state's rule failed to treat resident and non-resident lawyers with "substantial equality," and therefore the rule violated the Privileges and Immunities Clause of Article IV § 2.  *Id.* at 66.

Plaintiffs' argument seems to be that Rule 101.1 infringes a fundamental equal protection right because bar admission rules based on residency infringe rights protected by the Privileges and Immunities Clause of the Constitution.  There are at least two important problems with this argument.  First, a fundamental right in Article IV, Section 2 is not necessarily a fundamental right under the Equal Protection Clause.  *See Schumacher v. Nix*, 965 F.2d 1262, 1268 n.9 ("We note, however, that 'the right to practice law is not a fundamental right for the purposes of … equal protection analysis' ") (citing *Edelstein v. Wilentz*, 812 F.2d 128, 132 (3d Cir. 1987)).  The Third Circuit has clearly stated, "the right to practice law is not a fundamental right for the purposes of the Equal Protection Clause."  *Tolchin v. Supreme Court of the State of New Jersey*, 111 F.3d 1099, 1115 (3d Cir. 1997).  Second, Plaintiffs conflate a lawyer's state of residency with her state of bar admission.  Local Rule 101.1 is not based on an attorney's residency; it is based on whether an attorney is admitted to practice law in New Jersey.  Consequently Local Rule 101.1 does not interfere with the fundamental right to establish residency in any state.

Plaintiffs further assert that part (e) of Rule 101.1, which permits patent attorneys to practice patent law in the district court without joining the state bar, is "plainly unlawful under *Frazier v. Heebe* because it is based on the location of a lawyer's office."  Plaintiffs' Memorandum of Points and Authorities Opposing Dismissal at 45.  However *Frazier* was decided under the Court's "supervisory authority" over district court rules, and the Court expressly disclaimed resolving the constitutionality of the admissions rule in question.  *Frazier*,

482 U.S. at 645.  Moreover, in *Frazier*, the Supreme Court focused much of its concern on the fact that Louisiana's rule only required an in-state office for out-of-state residents.  *See generally id.*  The Third Circuit noted the Court's focus on residency discrimination in *Tolchin v. Supreme Court of the State of New Jersey*, 111 F.3d at 1108–09.  In *Tolchin*, the Third Circuit upheld against a Fourteenth Amendment Equal Protection challenge New Jersey's rule requiring all attorneys licensed in the state to maintain a physical office there.  The Third Circuit accepted the argument that requiring all attorneys to maintain a physical in-state office did not discriminate among attorneys based on their residence.  *Id.* at 1113.  *Frazier*, like *Friedman* and *Piper*, does not show that Local Rule 101.1 interferes with the exercise of a fundamental right for equal protection purposes.

Having decided to apply the "rational basis" test to Local Rule 101.1, I next find that there is a legitimate rational basis for the New Jersey District Court's rule.  In *Roberts*, the court had no difficulty finding a legitimate rational basis for New Jersey's rule that restricted admission on motion to attorneys admitted to the New Jersey state bar:

> Because there is no federal procedure in the district court for determining an applicant's fitness to practice law before it, the court may properly rely on prior admission to the bar of the supreme court of the state in which the district sits.

*Roberts*, 682 F.2d at 108.  The court noted the frequency of issues in federal court that turn on questions of state law from the district in which the court sits, as well as concerns about lawyers choosing a federal forum over a state forum because of the admissions rules rather than the interests of their clients.  The court also found the rule's special treatment for patent attorneys and lawyers for the federal government were rational:

> We believe that the exemptions extended to certain patent lawyers and lawyers representing the United States and its agencies, but withheld from tax practitioners, are based on reasonable distinctions related to the court's interest in ensuring the competence of counsel appearing before it.

*Id.*

As Plaintiffs point out, the practice of law has changed significantly since 1982 when the Third Circuit decided *Roberts*.  However, the justifications the court described in that case are still rational.  Nor is there any reason to find justifications are based in animosity towards an unpopular group, Plaintiffs' reference to *United States v. Windsor*, notwithstanding.  133 S.Ct. 2676 (2013).  I do not find factual allegations in Plaintiffs' Complaint to support Plaintiffs' hyperbolic declaration that Rule 101.1,

> similar to the laws targeting gays and lesbians, is obnoxious status-based rule
> making enacted to target an unpopular group, otherwise qualified lawyers not
> admitted in the Garden State.  This is discrimination for the sake of
> discrimination, and not a legitimate governmental interest.

Plaintiffs' Memorandum of Points and Authorities Opposing Dismissal at 51–2.

Because I find that Local Rule 101.1 has a rational relationship to a legitimate state interest, Plaintiffs Due Process Clause claim must be dismissed.

IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss shall be granted, and Plaintiffs' Complaint shall be dismissed.  An appropriate order follows.

                                    _____/s/ Gerald Austin McHugh
                                    United States District Court Judge